United States Court of Appeals
Fifth Circuit

**F I L E D**

August 1, 2007

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 06-61170
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

BRENDA SMITH

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 1:06-CR-74-4

Before WIENER, GARZA, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Defendant-Appellant Brenda Smith appeals from her guilty-plea conviction of conspiracy under 18 U.S.C. § 371. The offenses constituting the objects of Smith's conspiracy were wire fraud (18 U.S.C. § 1343), identity theft (18 U.S.C. § 1028(a)(7)), identification and authentication fraud (§ 1028(a)(6)), and the use of forged bank checks with the intent to defraud (18 U.S.C. § 513(a)). Smith contends that there was no factual basis to support her guilty plea, because there was no factual basis to support a guilty plea on any of the offenses

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

constituting the objects of the conspiracy. Smith raised her contentions in the district court in a motion to withdraw her guilty plea.

The factual basis was sufficient to support a conviction of conspiracy to commit wire fraud and identity theft. As the wire transmission of information from the retail stores victimized by Smith and her co-conspirators was reasonably foreseeable by Smith, the factual basis was sufficient as to wire fraud. See United States v. Johnson, 700 F.2d 163, 177 (5th Cir. 1983). As Smith's co-conspirators presented checks bearing the names, driver's license numbers, or social security numbers of other persons, the factual basis was sufficient as to identity fraud under § 1028(a)(7). The factual basis was also sufficient as to two of the objects of the conspiracy. The denial of Smith's motion to withdraw her guilty plea was not an abuse of discretion. See United States v. Carr, 740 F.2d 339, 344 (5th Cir. 1984).

AFFIRMED.